UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                              No. 04-257

RASAAN BAILEY                                                   SECTION: I

ORDER AND REASONS

Before this Court is the motion[1] of defendant, Rasaan Bailey ("Bailey"), to vacate the

final order of forfeiture.  For the following reasons, Bailey's motion is **DENIED**.

*BACKGROUND*

On August 19, 2004, a federal grand jury returned a multi-count indictment against

Bailey, which contained a notice of forfeiture.[2]  On September 24, 2004, a superseding

indictment was returned, which also contained a notice of forfeiture.[3]  On October 5, 2004, the

government filed a bill of particulars, specifically charging/identifying the subject property,

"$14,782 U.S. Currency," as forfeitable based upon the charged offenses.[4]

On January 19, 2006, Bailey pled guilty to counts 1 through 3 of the superseding bill of

information.[5]  Pursuant to a plea agreement, Bailey expressly agreed to waive his right to appeal

his conviction and/or sentence except in the event that the sentence exceeds the statutory

maximum.[6]  The plea agreement, which Bailey signed, contains the following language:

> Except as otherwise provided in this paragraph, the
> defendant hereby expressly waives the right to appeal his sentence
> on any ground, including but not limited to any appeal right
> conferred by Title 18, United States Code, Section 3742 on the
> defendant, and the defendant further agrees not to contest his

---

[1] R. Doc. No. 125.
[2] R. Doc. No. 1, pp. 2-3.
[3] R. Doc. No. 23, pp. 2-3.
[4] R. Doc. No. 29, p.2.
[5] R. Doc. No. 93.
[6] R. Doc. No. 95, p.3.

1

sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) any punishment to the extent it constitutes an upward departure from the Guideline range deemed most applicable by the sentencing court.[7]

\*      \*      \*

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation(s) to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Indictment or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Indictment or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty.[8]

### *ANALYSIS*

The record is clear that Bailey knowingly and voluntarily agreed to waive his right to challenge his sentence and, specifically, forfeiture of assets. Bailey signed a plea agreement, setting forth the terms of the waiver. Bailey's challenge to the forfeiture is foreclosed by his express waiver of his right to appeal his sentence, along with the concession that the assets were forfeitable as proceeds of the illegal activity for which he pled guilty. See U.S. v. Rivera, 191 Fed.Appx. 309, 312 (5th Cir. July 24, 2006) ("Rivera's challenge to the forfeiture is foreclosed

---

[7] R. Doc. No. 95, p.3.
[8] Id.

by his waiver of his right to appeal his sentence, and by his concession in the plea agreement that the property was subject to forfeiture.") (citation omitted).[9]

Accordingly, **IT IS ORDERED** that Bailey's motion[10] to vacate final order of forfeiture is **DENIED**.

New Orleans, Louisiana, October 26, 2010.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[9] In its opposition, the government questions Bailey's right to contest the forfeiture under §2255. R. Doc. No. 129. Bailey does not characterize  his motion as  a §2255 motion. Regardless, such motion is meritless for the reasons assigned.
[10] R. Doc. No. 125.